UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANCHEZ D. STEWART,

       Petitioner,                   Civil No. 2:15-CV-11919
                                         HONORABLE GEORGE CARAM STEEH
   v.                               UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

       Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

      Chanchez D. Stewart, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a); and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner has also filed a motion to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust his fourth and fifth claims.

      For the reasons that follow, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state court or courts, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Stewart*, No. 300476, 2012 WL 75352 (Mich. Ct. App. Jan. 10, 2012). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied as being untimely filed on January 28, 2013.

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Stewart*, No. 10-003925-01 (Wayne County Circuit Court, May 14, 2012). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Stewart*, No. 324437 (Mich.Ct.App. February 25, 2015). Petitioner's application for leave to appeal is currently pending in the Michigan Supreme Court.

Petitioner filed the petition for writ of habeas corpus on May 19, 2015. Petitioner seeks habeas relief on five grounds. By his own admission, petitioner's fourth and fifth claims have yet to be exhausted because they were raised for the first time in his post-conviction motion for relief from judgment. Petitioner's application for leave to appeal from the denial of that motion remains pending in the Michigan Supreme Court.

## II. Discussion

The instant petition is subject to dismissal because petitioner, by his own admission, has failed to exhaust several of his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement,

which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See *Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. See *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. See *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's habeas application is subject to dismissal because it contains claims that have yet to be completely exhausted with the state courts. Petitioner's fourth and fifth claims were raised for the first time on post-conviction review. Petitioner's appeal from the denial of his post-conviction motion for relief from judgment remains pending in the Michigan Supreme Court. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner's application for leave to appeal the denial of his first post-conviction motion is pending in the Michigan Supreme Court. Because petitioner failed to complete the appellate process for his post-conviction motion, he has failed to satisfy the exhaustion requirement. See e.g. *Paffhousen v. Grayson,* 238 F. 3d 423 (Table), No. 2000 WL 1888659, *2 (6th Cir. December 19,

2000)(petitioner failed to fairly present his claims in his Rule 6.500 motion, when he failed to appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002)(same). A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F. 2d 1384, 1386 (6th Cir. 1970). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. See *Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

The Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner appears to have done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. Several judges in this district have held a habeas petition in abeyance while a habeas petitioner's post-conviction appeal remained pending in the Michigan Supreme Court, as is the case

here. See *McKay v. Sherry,* 2008 WL 1808405, *2 (E.D. Mich. April 21, 2008)(Gadola, J.); *Titlow v. Burt,* 2007 WL 2584762 (E.D. Mich. September 7, 2007)(Battani, J.); *Wood v. Jones,* 2006 WL 1877060 (E.D. Mich. July 6, 2006)(Friedman, J.); *Brown v. Wolfenbarger,* 2005 WL 3465862 (E.D. Mich. December 16, 2005)(Rosen, J.).

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F. 3d at 419. Further, petitioner asserts that he did not properly raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which she must proceed. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order, which he has already done. See *Id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction

review. This tolling is conditioned upon petitioner re-filing his habeas petition under the same case number and the same case caption within **sixty (60) days** after the conclusion of his state court post-conviction proceeding in the state courts. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: August 18, 2015

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 18, 2015, by electronic and/or ordinary mail and also on Chanchez Stewart #536676, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk