UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANCHEZ D. STEWART,

    Petitioner,         Civil Action No. 15-CV-11919
                           HONORABLE GEORGE CARAM STEEH
   v.                    UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

    Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Chanchez D. Stewart, ("Petitioner"), confined at the Alger Correctional Facility in Munising, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a); and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b.  Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244

(d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Stewart*, No. 300476, 2012 WL 75352 (Mich. Ct. App. Jan. 10, 2012). The Michigan Court of Appeals granted petitioner's motion for reconsideration on February 28, 2012 and remanded the matter to the trial court for an evidentiary hearing on several ineffective assistance of trial counsel claims. After the trial court conducted an evidentiary hearing and denied petitioner's motion for a new trial, the Michigan Court of Appeals issued a final order denying petitioner's appeal on November 20, 2012. *People v. Stewart*, No. 300476 (Mich. Ct. App. Nov. 20, 2012). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied as being untimely filed on January 28, 2013. [1]

On February 18, 2014, petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Stewart,* No. 10-003925-01 (Wayne County Circuit Court, May 28, 2014). The Michigan Court of

---

[1] See Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, dated May 3, 2016 [This Court's Dkt. # 14-18].

Appeals denied petitioner leave to appeal. *People v. Stewart*, No. 324437 (Mich.Ct.App. February 25, 2015).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court. While his application for leave to appeal the denial of his post-conviction motion was pending before that court, petitioner filed a petition for writ of habeas corpus on May 19, 2015, which was held in abeyance pending the completion of his post-conviction appeal in the Michigan Supreme Court. *Stewart v. Woods*, No. 2:15-CV-11919, 2015 WL 4935110 (E.D. Mich. Aug. 18, 2015).

On December 22, 2015, the Michigan Supreme Court denied petitioner leave to appeal the denial of his post-conviction motion. *People v. Stewart*, 498 Mich. 948, 872 N.W.2d 447 (2015).

On February 27, 2016, this Court granted petitioner's motion to reopen the petition to the Court's active docket and granted his motion to amend the petition.

Respondent filed a motion to dismiss the petition on statute of limitations grounds on August 9, 2016.

## II. Discussion

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

In the present case, the Michigan Court of Appeals ultimately affirmed petitioner's conviction on his appeal of right on November 20, 2012. The Michigan Supreme Court subsequently rejected petitioner's application for leave to appeal on January 28, 2013, because it was filed beyond the fifty six day time period for filing an application for leave to appeal with that court.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup.Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.302(C). The expiration of

the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 132 S.Ct. at 653–54.

Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court. His conviction therefore became final, for purposes of § 2244(d)(1)(A), on January 15, 2013, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner had until January 15, 2014 to timely file his petition for writ of habeas corpus unless the statute of limitations was somehow tolled.

Petitioner filed his post-conviction motion for relief from judgment with the Wayne County Circuit Court on February 18, 2014, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002)*.* The instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner has not responded to the motion to dismiss. In his original and amended habeas petitions, petitioner alleges that his appellate counsel was ineffective for failing to file an application for leave to appeal to the Michigan Supreme Court on petitioner's behalf and also for giving petitioner misleading advice that he could obtain an extension of time from the Michigan Supreme Court to file an application for leave to appeal with that court beyond the fifty six day time period contained in M.C.R. 7.302(C).

Petitioner's claim that his appellate counsel failed to file an application for leave to appeal to the Michigan Supreme Court would not toll the one year limitations period. A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Because there is no constitutional right to the effective assistance of counsel on a discretionary appeal, petitioner cannot claim that counsel was ineffective for failing to file the application for leave to appeal with the Michigan Supreme Court. *Wainwright v. Torna*, 455 U.S. at 587-588; *Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001). In *Harris v. Stegall, supra,* this Court ruled that because the petitioner did not have the constitutional right to the effective assistance of counsel on a discretionary appeal, petitioner could not allege that appellate counsel was ineffective for failing to file an application for leave to appeal with the Michigan Supreme Court as a basis to establish cause to excuse his procedural default for failing to raise his claims with Michigan's highest court. *Id.* at 750. Similarly, because petitioner did not have a constitutional right to the effective assistance of counsel in pursuing a discretionary

appeal with the Michigan Supreme Court, his appellate counsel's failure to file an application for leave to appeal with the Michigan Supreme Court would not equitably toll the limitations period. *See e.g. Kerchee v. Jones*, 428 F. App'x. 851, 859 (10th Cir. 2011).

Petitioner is likewise not entitled to equitable tolling based on his claim that his appellate counsel allegedly advised petitioner that he could obtain an extension of time beyond the 56 day time period to file his application for leave to appeal with the Michigan Supreme Court. Attorney miscalculation is simply not sufficient to warrant equitable tolling of one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, particularly in contexts where prisoners do not have the constitutional right to counsel. *See Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007)(citing *Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991)). As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado,* 337 F. 3d at 644 (*quoting Whalen v. Randle*, 37 F. App'x. 113, 120 (6th Cir. 2002)).

Petitioner also indicates in his original petition that he did not appeal to the highest state court, i.e. the Michigan Supreme Court, because he was in administrative segregation for over six months during the time

-10-

period for seeking review with the Michigan Supreme Court.[2] Petitioner would not be entitled to equitable tolling of the limitations period on this basis. Even if petitioner's placement in solitary confinement or segregation prevented him from timely filing an application for leave to appeal to the Michigan Supreme Court, petitioner is not entitled to equitable tolling of the limitations period because he does not explain why he waited more than one year after the Michigan Supreme Court rejected his untimely application for leave to appeal to file his post-conviction motion for relief from judgment with the state trial court. *See e.g. Dixon v. Ohio*, 81 F. App'x. 851, 853 (6th Cir. 2003)(habeas petitioner's placement in solitary confinement did not entitle him to equitable tolling of limitations period).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

---

[2] See Petition For Writ of Habeas Corpus, p. 5, ¶ 11 (e).

have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

 Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner challenges the legal sufficiency of the evidence to convict him of first-degree murder and felony-firearm, petitioner's sufficiency of evidence claims cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations

period. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  November 30, 2016

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 30, 2016, by electronic and/or ordinary mail and also on Chanchez Stewart #536676, Alger Maximum Correctional Facility, N6141 Industrial Park Drive, Munising, MI 49862.

s/Barbara Radke
Deputy Clerk

---