UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANCHEZ D. STEWART,

    Petitioner,                      Civil Action No. 15-CV-11919
                                        HON. GEORGE CARAM STEEH
v.                                       UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This Court dismissed petitioner's application for a writ of habeas corpus on the ground that the petition was filed outside of the one year statute of limitations for habeas petitions contained in 28 U.S.C. § 2244(d)(1). The Court denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Stewart v. MacLaren*, No. 15-CV-11919, 2016 WL 6995732 (E.D. Mich. Nov. 30, 2016).

Petitioner has filed a Rule 60(b) motion for relief from judgment. For the reasons that follow, the motion is DENIED.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a

-1-

motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," requiring authorization from the Court of Appeals before filing, pursuant to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). However, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. A Rule 60(b) motion does not raise a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*, at 532, n. 4.

Petitioner claims in his motion for relief from judgment that this Court misapplied the statute of limitations. Petitioner's motion, which argues that this Court misapplied the federal statute of limitations set out in 28 U.S.C. § 2244(d), constitutes a "true" 60(b) claim which challenges the integrity of the habeas proceedings and would not be considered a successive habeas petition. *See Gonzalez,* 545 U.S. at 533. However, a motion for relief from judgment which attacks the integrity of a previous habeas proceeding, but is meritless, should

simply be denied, as would any other motion for relief from judgment that lacks merit. See Harris v. U.S., 367 F.3d 74, 82 (2nd Cir. 2004).

Petitioner first argues that the statute of limitations period should not have commenced to run until the 90 day time period for him to seek certiorari with the United States Supreme Court expired following the Michigan Supreme Court's rejection of his untimely filed application for leave to appeal.

This Court in its summary dismissal order noted that the one year limitations period normally does not commence until the 90 day period for seeking certiorari with the United States Supreme Court expires. However, when a habeas petitioner appeals his or her conviction to the Michigan Court of Appeals and does not properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *Stewart v. MacLaren*, No. 2016 WL 6995732, at * 2 (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012)). Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court. His conviction therefore became final, for purposes of § 2244(d)(1)(A), on January 15, 2013, when the fifty six day time period for seeking leave to appeal with the Michigan Supreme Court expired. *Id.,* at * 3. Petitioner had until January 15, 2014 to timely file his petition for writ of habeas corpus unless the statute of limitations was somehow tolled. Because petitioner did not file his state post-conviction motion for relief from judgment until

February18, 2014, which was after the limitations period expired, the petition was untimely.

A Rule 60(b) motion should be denied when the movant attempts to use the motion to relitigate the merits of a claim. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) is also not entitled to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his or her first federal habeas proceeding, lose those arguments, and then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. *See Brooks v. Bobby*, 660 F. 3d 959, 962 (6th Cir. 2011).

This Court will deny this portion of petitioner's Rule 60(b) motion, because petitioner is merely using the motion to relitigate the merits of an issue already decided adversely against him. *See Miles,* 90 F. App'x. at 458.

Petitioner also argues in his motion for relief from judgment that he is entitled to equitable tolling because the attorney he hired to represent him on his state post-conviction motion for relief from judgment erroneously advised him that the federal statute of limitations did not run until February 18, 2014.

Petitioner did not argue in his original and amended habeas petitions that his state post-conviction counsel gave him erroneous advice about the expiration of the limitations period, although he did claim that his appellate counsel on his

appeal of right allegedly misinformed him that he could obtain an extension of time to file an application for leave to appeal with the Michigan Supreme Court following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals.

A Rule 60(b) motion for relief from judgment "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). Petitioner thus cannot raise this equitable tolling argument for the first time in his Rule 60(b) motion.

In any event, the Court would reject this as a basis for equitable tolling as it did in its original opinion and order to reject the idea that appellate counsel's allegedly inaccurate advice about petitioner's ability to seek an extension of time to file an appeal with the Michigan Supreme Court would justify equitable tolling. Attorney miscalculation does not justify the equitable tolling of the AEDPA's statute of limitations, particularly in contexts where prisoners do not have the constitutional right to counsel. See *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)(citing *Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991)). Petitioner is not entitled to relief from judgment.

The Court denies petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of

appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).

In habeas cases which involve a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she is able to make both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n. 1.

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp.

2d 621, 629 (E.D. Mich. 2001).

Based upon the foregoing, IT IS ORDERED that the motion for relief from judgment [Dkt. # 19] is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2018

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 18, 2018, by electronic and/or ordinary mail and also on Chanchez Stewart #536676, Alger Maximum Correctional Facility, N6141 Industrial Park Drive, Munising, MI 49862.

s/Barbara Radke
Deputy Clerk